**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4679**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVENSON GILBERTO HARRISON, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:15-cr-00015-JPJ-PMS-1)

---

Submitted: May 31, 2016 Decided: July 6, 2016

---

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stevenson Gilberto Harrison, Jr., appeals his 60-month prison sentence after pleading guilty to failing to register as a sex offender in violation of 18 U.S.C. § 2250 (2012). The district court sentenced him above his advisory Guidelines range of 30 to 37 months. On appeal, Harrison contends his sentence is unreasonable, excessive, and greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) (2012). We affirm.

We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We "must first ensure that the district court committed no significant procedural error, such as failing to . . . adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due

deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

The district court "must make an individualized assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." Lymas, 781 F.3d at 113 (citation and internal quotation marks omitted). "In imposing a variance sentence, the district court must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance." Id. (citation and internal quotation marks omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Id. (citation and internal quotation marks omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (citation and internal quotation marks omitted).

We have reviewed the record and conclude that Harrison's sentence is reasonable under the totality of the circumstances, and the district court did not err or abuse its discretion in sentencing him above his Guidelines range. The court made an

individualized assessment based on the facts presented, applied the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and adequately explained the particular reasons supporting its sentence. Among other things, the court found that Harrison's offense was particularly serious because it was repetitive, as he had previously been convicted of violating 18 U.S.C. § 2250, and he had no excuse for the offense. The court also found that a sentence in the Guidelines range was not adequate to protect the public from further crimes of the defendant and to deter him from further criminal conduct. We therefore give due deference to the court's reasoned and reasonable decision that the § 3553(a) factors justified the sentence. See United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir. 2011) (citation and quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED